# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| KRISTEN A. CARMACK | § | |
| | § | |
| V. | § | CASE NO. 4:10cv302 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **AFFIRMED.**

## HISTORY OF THE CASE

Plaintiff protectively filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act on January 19, 2006, claiming entitlement to disability benefits due to diabetes, depression, and migraines. Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Paris, Texas on January 6, 2009. Plaintiff was represented by counsel at the proceeding, and Plaintiff testified at the hearing.

On June 5, 2009, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied on March 5, 2010. Therefore, the June 5, 2009 decision of the ALJ became the final decision of the Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

1

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2006.

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of June 1, 2000 through her date last insured of December 31, 2006 (20 C.F.R. 404.1571 *et seq.*).

3. Through the date last insured, the claimant had the following severe impairments: diabetes mellitus and depression (20 C.F.R. 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: psychological factors that would cause some limitations but the claimant can still perform the following tasks satisfactorily: understand, remember and carry out detailed tasks; accept supervision; and sustain concentration and persistence over extended periods of time.

6. Through the date last insured, the claimant was capable of performing past relevant work as a sales clerk. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R. 404.1565).

7. The claimant was not under a disability, as defined in the Social Security Act, at any time from June 1, 2000, the alleged onset date, through December 31, 2006, the date last insured (20 C.F.R. 404.1520(f)).

(TR 15-21).

**STANDARD OF REVIEW**

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the fourth step.

## ANALYSIS

Plaintiff's primary point of error is that the ALJ's residual functional capacity finding is not supported by substantial evidence. Essentially, Plaintiff argues that the finding fails to properly accommodate for her diabetic neuropathy of the hands or her limitations in social functioning that result from her severe mental impairment. As to neuropathy, the ALJ discussed this issue at length in his report. The ALJ must consider the testimony of a claimant, but need not accept the claimant's contention as to the severity of her condition. *See Carrier v. Sullivan,* 944 F.2d 243, 247 (5th Cir.1991).

The medical evidence considered by the ALJ belies Plaintiff's contentions. As noted, her treating physician, Dr. Massar, noted at various times that she had no numbness or that her neuropathy was controlled with Gabapentin. *See Johnson v. Bowen*, 864 F.2d 340, 348 (5th Cir. 1988) (holding that a condition controlled by medication was not a basis for a finding of disability). Credibility determinations are within the province of the ALJ, and the ALJ stated his reasons for discounting Plaintiff's contentions as to the severity of her limitations. *See Griego v. Sullilvan*, 940 F.2d 942, 945 (5th Cir. 1991). Plaintiff's treating eye doctor also found no diabetic retinopathy (TR 476, 526). Here, the ALJ considered the treatment records, the examination report of Dr. Lee, and the findings of the state agency medical consultant, Dr. Chappuis (TR 17-20). State agency medical consultants did not find that Plaintiff had a severe impairment related to neuropathy.

Resolving questions of credibility is the function of the ALJ. *See Dunbar v. Barnhart*, 330 F.3d 670, 671 (5th Cir. 2003). Reviewing courts should not second guess the ALJ as to these matters.

Plaintiff also argues that the ALJ erred in finding that she has only a mild limitation in the domain of social functioning. It is Plaintiff's contention that, had the ALJ recognized a moderate limitation, he would have found that she could not perform her past relevant work as a sales clerk. The ALJ considered the state agency's psychological assessment and noted that the doctor found that Plaintiff was able to understand, remember, and carry out detailed but not complex instructions, make decisions, concentrate for extended periods, interact with others, and respond to changes. *See* Exhibit 4F. Her own treating physician noted that Plaintiff was alert and oriented x3 and was able to concentrate satisfactorily and that her short and long term memory were intact. Dr. Lee also made similar findings. *See* Exhibit 2F/4. Again, the ALJ considered all the evidence and made his evaluation on the record before him. The Court finds no error.

## **RECOMMENDATION**

Pursuant to the foregoing, the Court RECOMMENDS that the decision of the Administrative Law Judge be **AFFIRMED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days shall bar an aggrieved party from attacking the factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc).

**SIGNED this 21st day of June, 2012.**

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE